UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C. MENDEZ JIMENEZ, <br><br> Petitioner, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondent. | Case No.: 17cv73-CAB-KSC <br><br> **ORDER DISMISSING PETITION** |

On January 11, 2017, Petitioner Francisco C. Mendez Jimenez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention in the custody of Respondent. [Doc. No. 1.] On March 24, 2017, Respondent Department of Homeland Security filed a return to the petition. [Doc. No. 9.] On April 5, 2017, Petitioner filed a reply to the return. [Doc. No. 10.] For the reasons set forth below, the Petition is **DISMISSED**.

STATEMENT OF FACTS

Petitioner is a native and citizen of Guatemala who immigrated to the United States on or about January 12, 2000. [Ex. A, Doc. No. 9-1 at 4.] He is now in removal proceedings for the second time. The first time, he was charged with deportability on the

basis of 2011 and 2013 convictions for grand theft, and on June 4, 2014, the Immigration Judge ("IJ") granted him relief from removal. [Exs. B, E, Doc. No. 9-1 at 6-8, 21-23.]

On July 30, 2015, Petitioner was convicted of a 2014 assault with force likely to cause great bodily injury in violation of Calif. Penal Code (CPC) § 245(a)(4) and was sentenced to three years in prison. [Ex. C, Doc. No. 9-1 at 9-16.] Upon his release from prison on May 4, 2016, DHS placed him in removal proceedings and charged him with deportability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F) (crime of violence). [Ex. D, Doc. No. 9-1 at 17-20.] On October 21, 2016, DHS added an additional charge of deportability under 8 U.S.C. §1227(a)(2)(A)(ii) for two or more convictions for crimes involving moral turpitude, based on the 2015 conviction, plus the 2013 conviction for grand theft of a person. [Ex. E, Doc. No. 9-1 at 21-23.]

On May 20, 2016, Petitioner was afforded a bond redetermination hearing at which the IJ ruled that his 2015 conviction constituted an aggravated felony and that he was therefore subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). [Exs. F, G, H, Doc. No. 9-1 at 24-42.] The IJ ruled that Petitioner's conviction was substantially similar to the conviction in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), in which the Ninth Circuit held that a conviction for CPC § 245(a)(1), assault with a deadly weapon or instrument other than a firearm, was categorically an aggravated felony crime of violence. [Ex. G, Doc. No. 9-1 at 28-31.] The IJ also noted that Petitioner would become eligible for a bond redetermination hearing on October 18, 2016, pursuant to *Rodriguez v. Robbins,* 804 F.3d 1060, 1089 (9th Cir. 2015)("*Rodriguez III")*. [Doc. No. 9-1 at 28.] Petitioner appealed to BIA which, on October 4, 2016, affirmed the IJ's ruling. [Ex. I, Doc. No. 9-1 at 43-47.]

On December 28, 2016, Petitioner was afforded a bond hearing pursuant to *Rodriguez III*, which applies to aliens, like Petitioner, who are held in mandatory detention for more than six months pending the administrative phase of their removal proceedings. [Exs. J, K, Doc. No. 9-1 at 48-54.] The IJ applied the appropriate factors

and found that DHS had established by clear and convincing evidence that Petitioner was a danger to the community. [Doc. No. 9-1 at 52-53.] Petitioner appealed from the IJ's bond decision to the BIA, and the appeal remains pending.

Petitioner's next hearing in his removal proceedings is scheduled for April 14, 2017. [Declaration of Caroline Prime, Doc. No. 9-1 at 2, ¶ 3.]

## DISCUSSION

Petitioner challenges the Immigration Judge's (IJ's) December 28, 2016 custody determination based on his assumption that the IJ denied bond because his 2015 conviction was for an aggravated felony. [Doc. No. 1.] Such a ruling was made by the IJ in previous bond proceedings, on May 20, 2016, and the Board of Immigration Appeals (BIA) affirmed the IJ's ruling on October 4, 2016. Those rulings were rendered moot when Petitioner subsequently became eligible for bond review under *Rodriguez III*. Petitioner was afforded a bond hearing on December 28, 2016, pursuant to *Rodriguez III*, and the IJ ruled that the Department of Homeland Security (DHS) had met its burden to show that Petitioner posed a danger to the community and should therefore remain in custody pending his removal proceedings. Petitioner appealed from that decision to the BIA, and the appeal remains pending.

Petitioner has not made a colorable constitutional claim regarding his current bond proceedings. *See Singh v. Holder*, 638 F.3d 1196, 1200-01. He argues that his conviction for CPC § 245(a)(4) does not constitute a crime of violence, but that determination was made in previous bond proceedings and is not material in his current bond proceedings. Even if Petitioner were to amend his petition to challenge his previous bond proceedings, they have been rendered moot by his current bond proceedings in which he is being considered for release pursuant to *Rodriguez III*.

Petitioner also contends that the IJ did not mention or acknowledge his motion for a bond hearing under *Rodriguez III* [Doc. 1 at 10; Doc. 6], but this is incorrect. [*See* Doc. No. 9-1 at 28.] Petitioner also fails to raise any legal or constitutional challenges to the IJ's application of factors at his *Rodriguez III* bond hearing. *See Matter of Guerra*, 24 I.

& N. Dec. 37, 40 (BIA 2006). In the *Rodriguez III* hearing, the IJ ruled that, because of Petitioner's entire criminal history, he poses a danger to the community. [Doc. No. 9-1 at 52-54.] In reaching this conclusion, the IJ reasoned as follows:

> The Record clearly demonstrates that he was convicted under CPC §245(a)(4) for assault with force likely to cause serious bodily injury in 2014. The probation report submitted also demonstrates that the respondent has a long criminal history, including convictions for driving under the influence from 2001, public intoxication and disorderly conduct in 2009, vandalism in 2011, as well as grand theft under CPC § 487(c) in 2011 and 2013. This criminal history not only demonstrated that the respondent has continued to violate the law for many years, but also demonstrated an escalation in the seriousness of the type of crimes he was involved in - from driving under the influence to theft to assault with force likely to cause great bodily injury or death.

[Doc. No. 9-1 at 53-54.]

Furthermore, apart from Petitioner's failure to state a claim with respect to his current bond proceedings, there can be no habeas review of an IJ's factual determinations and factor-weighing when making bond decisions.

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). *See also* 8 U.S.C. § 1252(a)(2)(B)(ii) ("no court shall have jurisdiction to review . . . any other decision or action of the Attorney General ... the authority for which is specified under this subchapter to be in the discretion of the Attorney General."); *INS v. St. Cyr*, 533 U.S. 289, 306 (2001) ("the courts generally [do] not review factual determinations made by the Executive."); *Singh v. Ashcroft*, 351 F.3d 435, 439 (9th Cir. 2003) ("The scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that allege constitutional or statutory error in the removal process"); *Gutierrez-Chavez v. INS*, 298 F.3d 824, 827, 829-30 (9th Cir. 2002) (Habeas jurisdiction

does not authorize review of "discretionary . . . decisions made by the executive branch that do not involve violations of the Constitution").

Finally, apart from what the IJ determined in the current bond proceedings, they are now pending appeal before the BIA. Petitioner's habeas challenge is therefore premature. *See Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) ("we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."). *See also Rojas-Garcia v. Ashcroft*, 399 F.3d 814, 819 (9th Cir. 2003) ("the petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal, . . . 'The exhaustion requirement avoids premature interference with the agency's processes and helps to compile a full judicial record.'") (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995)).

## CONCLUSION

For the reasons set forth above, the petition is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: April 12, 2017

Hon. Cathy Ann Bencivengo
United States District Judge